USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03-26-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

REUBEN CANINI,                          :          04 Civ. 9049 (CSH)
                                        :
                  Plaintiff,            :
                                        :
        -against-                       :          MEMORANDUM OPINION
                                        :          AND ORDER
U.S. DEPARTMENT OF JUSTICE              :
FEDERAL BUREAU OF PRISONS,              :
                                        :
                  Defendant.            :
--------------------------------------------------------------- x

HAIGHT, Senior District Judge:

Plaintiff Reuben Canini moves pursuant to Rule 60(b), Fed.R.Civ.P., for an order restoring the captioned action to the calender. The Court dismissed the case *sua sponte* for failure to prosecute. For the reasons that follow, plaintiff's motion is denied.

## I. BACKGROUND

On February 27, 2004, Plaintiff was charged with a federal crime and incarcerated at the Metropolitan Corrections Center (hereinafter "MCC"). *See* Pl.'s Compl. ¶¶ 7-8. Plaintiff states that he was transported in a van owned and operated by the purported defendant, "U.S. Department of Justice - Federal Bureau of Prisons" ("BOP") from the MCC to a local hospital for a hearing test. *Id.* at ¶ 9. He alleges that while *en route* to the hospital, the "van passed over the corner of a curb when making a turn at excessive speed, causing the van to jump and be jolted." *Id.* at ¶ 11. Plaintiff claims that as a result of defendant's negligence in operating the van, he sustained "serious and permanent" injuries to his left eye and neck. *Id.* at ¶¶ 13-18.

## II. PROCEDURAL HISTORY

Plaintiff first filed an administrative claim with the Northeast Regional Office of the United States Department of Justice, Federal Bureau of Prisons ("BOP") on March 24, 2004. He claims, however, that the BOP failed to make final disposition of his claim within six months after it was filed.[1] On November 17, 2004 plaintiff, represented by counsel, filed a complaint in this Court against the BOP alleging violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* On the same day, the Clerk of Court issued a copy of summons to the BOP in Washington D.C. No appearance or answer was filed on behalf of any defendant. The explanation for and significance of those facts are considered *infra*.

More than one year later, in mid-2006, the Court contacted Aaron M. Goldsmith, Esq., plaintiff's counsel of record, by telephone to check on the status of the case. *See* Pl's Mem. at 7.

---

[1] The FTCA requires the filing of an administrative claim with the appropriate agency prior to the initiation of a lawsuit in federal court. A lawsuit cannot be instituted until the agency denies the claim or until six months have passed without a final disposition. 28 U.S.C. § 2675(a) provides, in pertinent part, that an action shall not be instituted against the United States for money damages for personal injury,

> unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Plaintiff alleges that the BOP failed to make disposition of his claim within six months after it was filed. The government does not contend otherwise. Accordingly the Court finds that plaintiff has complied with the exhaustion requirement of § 2675(a).

2

Counsel stated that he "expect[ed] to commence motion practice in the proceeding weeks." *Id.* But plaintiff took no further action in the case. Given the passage of time and this level of inactivity, the Court *sua sponte* entered an order dismissing the action for failure to prosecute.

Almost another year passed. Then, on August 27, 2007, Mr. Goldsmith, plaintiff's attorney of record (hereinafter "counsel"), filed the instant motion pursuant to Rule 60(b), Fed.R.Civ.P., requesting restoration of the case to the Court's calendar. Counsel contends in the motion papers that he became aware of the dismissal while updating the case file in February 2007. Pl.'s Mem. at 8.[2] Thereafter, on August 27, 2007, he filed the instant motion requesting restoration of the case to the Court's calender, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The office of the United States Attorney for this district opposes the motion. That opposition constitutes the government's first appearance in the case.

## III. STANDARD OF REVIEW

Motions to set aside a dismissal for failure to prosecute are properly brought under Rule 60(b) which provides that "on motion and upon such terms as are just ... the court may relieve a party ... from a final judgment, order or proceeding." Fed. R. Civ. P. 60(b). Rule 60(b) provides six grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or

---

[2] This assertion is puzzling. The case is electronically filed. The Court's CM-ECF system is programmed to notify counsel of record by e-mail of orders and opinions as they are filed.

it is no longer equitable that the judgment should have prospective application; or

(6) any other reasons justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

In *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986), the Second Circuit held generally: "Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. In other words it should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened. Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *See also United States v. International Board of Teamsters*, 247 F.3d 370, 391(2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."). As a consequence, before a court will grant a motion for relief pursuant to Rule 60(b), it normally requires that a movant: (1) support its motion with "highly convincing" evidence; (2) show good cause for its failure to act sooner; and (3) prove that granting the motion will not impose any undue hardship on the other parties. *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6 (2d Cir. 1987). A motion for relief under Rule 60(b) is a matter addressed to the discretion of the district court, *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996) (internal citations omitted), and an appellate court will not reverse the denial of such a motion except for abuse of discretion. *Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir. 2000).

## III. DISCUSSION

### A. Whether Defendant was Properly Served

The question of whether plaintiff complied with the relevant requirements of notice and service in bringing this action against the government arises because plaintiff's counsel attempts to

4

support this motion for restoration by stressing that the government never answered the complaint. But that argument is not available if the complaint was not properly served at the time it was filed.

Counsel maintains that the BOP is an agency of the United States and is therefore a properly named defendant in this action. He further alleges that service of the summons and complaint was made on the BOP on both December 7, 2004 and May 13, 2005. Pl.'s Mem. at 2.

However, under the FTCA "only the United States may be held liable for torts committed by a federal agency, and not the agency itself." *C.P. Chemical Co. Inc. v. United States,* 810 F.2d 34, 37 n.1 (2d Cir. 1987) (citing 28 U.S.C. 2679(a)). Thus, contrary to counsel's assertion, the BOP is not a proper defendant to this litigation which arises under the FTCA. The correct defendant is the United States.

Furthermore, the delivery of a summons and complaint to an agency of the United States does not constitute service upon the United States itself. Federal Rule of Civil Procedure 4(d)(4) provides that service is effected upon the United States

> by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney . . . and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

*Id.* The record in the case at bar makes clear that plaintiff failed to deliver a copy of the summons and the complaint to either the United States Attorney for this district or the Attorney General of the United States. Consequently the United States, the proper defendant in this matter, was not served in accordance with the Rule. The failure to serve the United States is sufficient reason to refuse to set aside the dismissal. *See* Rule 4(m), Fed.R.Civ.P. ("If service of the summons and complaint is

5

not made upon a defendant within 120 days after the filing of the complaint, the court upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice...."). Further, as discussed below, the Second Circuit has consistently held that plaintiff's counsel's ignorance of the law cannot serve as the grounds for plaintiff to reopen the case under Rule 60(b). *See* Part III. B. 3., *infra*.

## B. Rule 60(b)(1) - Excusable Neglect

Plaintiff next asserts that he is entitled to relief because of "excusable neglect" on the part of his attorney. However, the Court is not persuaded that his counsel's reasons for failing to act in a timely manner support a finding of excusable neglect, as contemplated by Rule 60(b).

In *Pioneer Investment Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), involving the bar dates for filing late proofs of claim in a bankruptcy proceeding, the Supreme Court provided a list of factors to be weighed in determining whether there is excusable neglect. Those include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment*, 507 U.S. at 391. The Second Circuit Court of Appeals has applied the *Pioneer* Court's definition of excusable neglect to a Rule 60(b) motion. *See Canfield v. Van Atta*, 127 F.3d 248, 250-51 (2d Cir. 1997) (holding that *Pioneer*'s excusable neglect definition is applicable beyond the bankruptcy context and applying definition to a Rule 60(b) motion); *see also Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994) (applying the *Pioneer* court's definition of excusable neglect to Fed. R. App. Proc. 4(a)(5)). Thus, in analyzing whether counsel's delay in

6

prosecuting the action qualifies as excusable neglect under Rule 60(b)(1), I will consider each of the *Pioneer* factors in turn.

## 1. **The Danger of Prejudice to Defendant**

According to Plaintiff, defendant will not be "unduly burdened or prejudiced by the restoration of this matter to the trial calender" because, notwithstanding the lengthy delay in litigating this matter, the Government was aware of the incident giving rise to this action as a result of plaintiff's Notice of Claim filed with the BOP and the service of the summons and complaint upon the BOP. Pl.'s Reply Br. ¶ 12.

In considering a motion to vacate pursuant to Rule 60(b)(1), in the default judgment context, the Second Circuit has cautioned that "delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citations omitted). Rather, it must be shown that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* However, "prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 256 (2d Cir. 2004).

In this case, the prejudice to defendant amounts to more than delay. Discovery has not yet commenced in this action and four years after the incident at issue, it may be difficult to retrieve records and to locate individuals who have knowledge of the facts or who may be able to recall information regarding the circumstances of this case. Furthermore, prejudice to the defendants may be presumed because, as discussed in Part III. B. 2., *infra*, plaintiff's delay was both "lengthy and inexcusable." Accordingly, while not dispositive, this factor militates against a finding of excusable

7

neglect.

## 2. *Length of the Delay and Reason for the Delay*

In evaluating the second and third *Pioneer* factors, the Court finds that in this case the length of the delay and the asserted reasons for the delay weigh strongly against a finding of excusable neglect. First, plaintiff failed to prosecute his lawsuit over a prolonged period. As noted above, plaintiff filed this action on November 17, 2004. The summons and complaint were allegedly served on the BOP in December 2004 and in May 2005. Thereafter, neither plaintiff nor counsel took any action in this matter for sixteen months prior to the Court's dismissal of the case on September 17, 2006. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980) (plaintiff's failure to pursue action for six months warranted dismissal under Rule 41(b)); *Drake*, 375 F.3d at 255 (finding plaintiff's seventeen month delay in filing amended complaint significant). During that period of time, in response to the Court's inquiry regarding the status of the case, counsel stated that "he expected to commence motion practice within a few weeks." Yet, he failed to do so. In fact, the record indicates that this was counsel's last communication with the Court regarding the case until August 27, 2007, when he filed the instant motion, almost a year after the Court dismissed the action for failure to prosecute.

Second, counsel offers a number of reasons for his delay in prosecuting this action. Those proferred reasons, viewed separately or together, fall far short of warranting a finding of excusable neglect. Counsel states that he was on trial in another matter for "most of the month of August 2005" and "[t]hereafter, was unavailable due to a family medical concern throughout much of the remainder of 2005." Pl.'s Mem. at 7. I find these justifications offered by counsel unconvincing.

8

Counsel is not a single practitioner: the Internet reveals that he practices in the same offices with other attorneys. Counsel has failed to indicate what efforts, if any, were made to have other counsel associated with the firm handle the matter in his absence. Counsel also provides no explanation as to why, for sixteen months prior to the dismissal of the case, he never apprised the Court of his alleged inability to prosecute it. *See Chira*, 634 F.2d at 667 (finding dismissal proper where counsel did not comply with court's order and failed to inform the court of scheduling conflicts)

The Court finds counsel's description of poor communication with his client equally unpersuasive. He alleges plaintiff had not contacted him for several months in 2006 and that he was unable to locate plaintiff on the BOP database. However, the record indicates that while counsel believed plaintiff had been relocated to a different BOP facility, *see* Pl.'s Mem. at 7-8, he remained incarcerated at the MCC for the time period at issue, *Id.* at 8. There is no indication that counsel made any attempt to call or submit a letter to the MCC to ascertain plaintiff's whereabouts. Such efforts would have certainly revealed plaintiff's location.

Finally, as noted *supra*, counsel relies on that fact that defendant did not answer the complaint as another excuse for his delay in prosecuting this matter. However, as discussed in Part III. A. of this opinion, the defendant did not receive notice of plaintiff's complaint because counsel neither named the proper party defendant in this action nor effected service of the complaint in accordance with the Federal Rules. The Court therefore finds counsel's assertion that defendant's failure to answer the complaint contributed to his delay unavailing.

## 3. *Whether Plaintiff Acted in Good Faith*

The Court has concluded that counsel failed to produce reasonable explanations for his delay

9

in this case. The Court also finds that counsel's inexcusable neglect should be imputed to plaintiff.

Plaintiff himself, while submitting an affidavit in support of this motion, has provided no indication of a good faith effort on his part to prosecute this case. Generally, a plaintiff is not excused from the consequences of his attorney's acts because the plaintiff voluntarily chose the attorney as his or her representative. *See Link v. Wabash*, 370 U.S. 626, 633-34 (1962). As the Second Circuit explained:

> Relief from counsel's error is normally sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect. But we have consistently declined to relieve a client under subsection (1) of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.

*Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (quoting *United States v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976); *see also Securities and Exch. Comm'n v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998) (citations omitted) (The conduct of an attorney is normally imputed to the client; a party may not avoid the consequences of the acts or omissions of a freely-selected agent).

Courts in this circuit have carved out an exception to the general rule that an attorney's inexcusable neglect may be imputed to a client. If the client monitors his own case and counsel made false assurances regarding the status of the lawsuit, the attorney's actions will not be imputed to his client. *See Securities and Exchange Commission v. Breed*, No. 01Civ.7798 CSH, 2004 WL 1824358, at *11 (S.D.N.Y. August 13, 2004) (discussing cases). However, in the case at bar, the record indicates that plaintiff made little or no effort to prosecute this case prior to its dismissal. He did not endeavor to contact counsel, retain other counsel or communicate directly to the Court. Further, there is no evidence that counsel made false assurances regarding the status of the lawsuit. Indeed, counsel admits that he did not speak with plaintiff nor receive any correspondence from

10

plaintiff for more than two years. Thus, Goldsmith's conduct may fairly be imputed to plaintiff. *See Dominguez v. United States*, 583 F.2d 615, 618 (2d Cir. 1978) (upholding refusal to vacate default where "there was no particularized showing of exceptional circumstances explaining [counsel's] gross negligence and no indication of diligent efforts by appellant to induce him to fulfill his duty"); *see also McNulty*, 137 F.3d at 740 ("where the attorney's conduct has been found to be willful, the willfulness will be imputed to the party himself where he makes no showing that he has made any attempt to monitor counsel's handling of the lawsuit").

## C.     Dismissal under Rule 41(b) For Failure to Prosecute

As discussed above, plaintiff based his motion to restore the case upon Rule 60(b). Rule 60 is captioned "Relief from Judgment or Order." Plaintiff sought relief in the form of restoration from the Court's *sua sponte* order dismissing the case for failure to prosecute. I applied the criteria governing relief under Rule 60(b) and concluded that plaintiff's motion fails to satisfy them.

Plaintiff could have based his motion upon Rule 41(b), which governs the "involuntary dismissal" of an action, and refers specifically to an order dismissing an action "[f]or failure of the plaintiff to prosecute." Plaintiff's argument under Rule 41(b) would have been that the Court's order dismissing his action constituted an abuse of discretion. *See Drake*, 375 F.3d at 250-254 ("We do not doubt a district court's authority to dismiss actions based on a plaintiff's failure to prosecute. . . . We review a dismissal for failure to prosecute under the abuse of discretion standard.") (citations omitted).

The Second Circuit went on to say in *Drake*:

> In particular, we review the trial court's decision by examining whether (1) the plaintiff's failure to prosecute caused a delay of

11

significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole.

*Id.* at 254 (citations omitted). The plaintiff at bar did not rely on Rule 41(b), and did not contend in his motion for restoration that the Court's order of dismissal was an abuse of discretion. Consequently plaintiff waived that argument.

In any event, application of the Rule 41(b) factors would not change the result. The notice factor would cut against dismissal, since the Court, while cognizant of the lengthy delay in the litigation and asking plaintiff's counsel for a status report, did not give an explicit notice that further delay would result in dismissal. But other Rule 41(b) factors, which mirror those applied in Rule 60(b) analysis and discussed in Part III. B. of this opinion, demonstrate that dismissal was a sound exercise of discretion. Plaintiff's failure to prosecute caused a delay that was of significant duration by any standard. *See Drake*, 375 F.3d at 255 ("We also agree that plaintiff's 17-month delay was significant. Indeed, this length of time is comparable to, if not longer than, delays that have supported dismissals in other cases.") (citations omitted). That delay would greatly prejudice the government if the case was allowed to proceed, to the extent that no sanction lesser than dismissal would be sufficient.

## IV. CONCLUSION

After considering all the factors, the Court finds that plaintiff has not provided "highly

convincing evidence" of excusable neglect nor shown "good cause for his failure to act sooner."

The Court recognizes that "dismissal is a harsh remedy to be utilized in only extreme circumstances"

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, because plaintiff has shown little interest

in pursuing this matter and counsel likewise made no diligent effort to prosecute this action, the

Court believes a sanction less than dismissal is unwarranted in this case.

For the foregoing reasons, plaintiff's motion to restore the case to the calender pursuant to

Rule 60(b)(1) [doc. #4] is DENIED. Plaintiff's motion to seal exhibits [doc. #3] is DENIED, as

moot.

It is SO ORDERED.

Dated: New York, New York
      March 25, 2008

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

13